UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-24587-BLOOM/Otazo-Reyes

MONTEREY AT MALIBU BAY
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.

EMPIRE INDEMNITY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Empire Indemnity Insurance Company's ("Defendant") Motion for Attorneys' Fees and Costs and to Stay Action, ECF No. [10] ("Motion"), filed on December 14, 2020. Plaintiff Monterey at Malibu Bay Condominium Association, Inc. ("Plaintiff") filed a response in opposition to the Motion, ECF No. [13] ("Response"),[1] to which Defendant replied, ECF No. [14] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the relevant record, the applicable law, and is otherwise fully advised. For the reasons discussed below, Defendant's Motion is granted in part and denied in part.

### I. BACKGROUND

In order to address the issues raised in the instant Motion, the Court must first set forth the procedural history in this case, and in two previously filed and related cases.

---

[1] In Plaintiff's Response, it simultaneously presents a Motion to Compel Appraisal and to Stay Action, *see* ECF No. [13], which has not been responded to by Defendant. As such, the Court will not address the Motion to Compel Appraisal and to Stay Action in the instant Order.

### A. *Monterey I*

On March 22, 2019, Plaintiff initiated its first action against Defendant in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and thereafter filed an Amended Complaint on August 8, 2019. *See Monterey at Malibu Bay Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 1:19-cv-23353-LFL (S.D. Fla. 2019), ECF No. [1-2] at 2-5 ("*Monterey I*"). On August 12, 2019, Defendant removed the case to federal court. *Monterey I*, ECF No. [1]. Plaintiff's Amended Complaint asserted a single count against Defendant for breach of contract, alleging that Plaintiff entered into an insurance policy agreement ("Policy") with Defendant for coverage of Plaintiff's condominium property located in Homestead, Florida ("Property"). *Monterey I*, ECF No. [1-2] at 2-5. Plaintiff alleged that, while insured under the Policy, the Property was damaged during Hurricane Irma and that the damage incurred was a covered loss under the Policy. Upon receiving an insurance claim from Plaintiff, Defendant made a partial payment. Plaintiff alleged that by making only partial payment, Defendant breached the Policy by failing to fully indemnify Plaintiff for its total amount of damages. *Id.* at 3. Moreover, Plaintiff's Sworn Proof of Loss Statement claimed almost $34,000,000.00 in damages from the loss. *Monterey I*, ECF No. [1-6].

On August 27, 2020, Plaintiff filed a motion seeking voluntary dismissal of *Monterey I* without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), which Defendant opposed. *Monterey I*, ECF Nos. [64] & [67]. On October 15, 2020, after reviewing the briefing and hearing argument on the motion, Magistrate Judge Louis granted Plaintiff's motion over Defendant's objection, and conditioned the dismissal without prejudice upon the following terms: (1) "Plaintiff is permitted to voluntarily dismiss its claim against Defendant without prejudice. However, if Plaintiff re-files this action at a later date, Plaintiff shall pay all taxable costs and attorneys' fees that Defendant incurred in defending this action," and (2) "Plaintiff must also preserve all

documents and other discovery requested in this suit," so that Defendant can utilize such discovery if Plaintiff refiles the case. *Monterey I*, ECF No. [87] at 7 ("Order of Dismissal").

### B. *Monterey II*

On August 22, 2020, while *Monterey I* was still pending, Plaintiff filed a Petition for Declaratory Relief against Defendant, which was premised upon the same Policy, the same Property, the same loss resulting from Hurricane Irma, and the same ultimate amount of claimed damages. *Monterey at Malibu Bay Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 1:20-cv-23506-KMW (S.D. Fla. 2020), ECF No. [1] ("*Monterey II*"). On October 29, 2020, however, the Court in *Monterey II sua sponte* dismissed the case without prejudice after the parties failed to timely file their joint conference report as ordered. *Monterey II*, ECF No. [19].[2]

### C. *Monterey III*

Turning to the instant action, on November 6, 2020, Plaintiff refiled its Petition for Declaratory Relief against Defendant, which asserted the same claims as those raised in *Monterey II*, seeking clarification of its rights under the Policy. ECF No. [1] ("*Monterey III*"). Of note here, *Monterey III* again concerns the same parties, the same Policy, the same Property and corresponding loss suffered after Hurricane Irma, and the same alleged amount of damages.

On December 14, 2020, Defendant filed the instant Motion seeking an award of attorneys' fees and taxable costs incurred in defending *Monterey I*, pursuant to the conditions set forth in Judge Louis's Order of Dismissal, and requesting that the case be stayed until Plaintiff pays the full amount of litigation expenses sought. Plaintiff, on the other hand, contends that Judge Louis's Order of Dismissal was limited to Plaintiff refiling the breach of contract action. Thus, Plaintiff

---

[2] The Court in *Monterey II* also subsequently denied Plaintiff's motion for reconsideration, which sought to reopen the case based on its excusable neglect in failing to comply with the Court's orders. *See Monterey II*, ECF No. [21].

3

argues that it is not required to pay any of Defendant's fees or costs incurred during *Monterey I*.

## II. DISCUSSION

As noted above, Defendant now seeks payment of the attorneys' fees and costs incurred in defending *Monterey I*, pursuant to Rule 41 and the conditions set forth in Judge Louis's Order of Dismissal, because Plaintiff has refiled this case asserting substantially similar claims predicated on the same facts and circumstances as those in *Monterey I*. Plaintiff disagrees with this characterization, arguing that Defendant's position during *Monterey I* was that the breach of contract action was premature.[3] Thus, based on Defendant's representations, Plaintiff contends that it was required to file the declaratory relief claims presented in *Monterey II* and *Monterey III* before it could proceed with its breach of contract action. Additionally, Plaintiff maintains that the conditions set forth in Judge Louis's Order of Dismissal do not apply because they only come into effect when Plaintiff refiles the breach of contract action. In its Reply, Defendant argues that merely labeling the instant action as a petition for declaratory relief is not, on its own, sufficient to establish that this case raises dissimilar issues from those asserted in previous litigation, and it asserts that the claims in *Monterey I* and *Monterey III*, at their core, are nearly identical. As such, Defendant seeks an award of all attorneys' fees and costs incurred during *Monterey I* and requests that this action be stayed until Plaintiff pays this award in full. Nevertheless, Defendant has not submitted any documentation of the fees and costs it incurred during the *Monterey I* litigation.

Federal Rule of Civil Procedure 41(d) states as follows:

> **Costs of a Previously Dismissed Action**. If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:

---

[3] The Court notes, however, that Plaintiff's Response to the Motion is woefully deficient in that it fails to directly address many of the arguments raised by Defendant. Instead, Plaintiff devotes the majority of its Response to its own Motion to Compel Appraisal, and only devotes two and a half pages of briefing to cursorily address the procedural history of this case and its interpretation of Judge Louis's Order of Dismissal without any citation to supporting law.

> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
> (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d). Thus, under Rule 41(d), "costs may be imposed where the plaintiff has brought a second, identical, or nearly identical, claim and has requested identical, or nearly identical, relief." *USA Entm't Grp., Inc. v. City of Pompano Beach*, No. 18-cv-62740, 2019 WL 498743, at *1 (S.D. Fla. Feb. 8, 2019) (quoting *Esquivel v. Arau*, 913 F. Supp. 1382, 1387 (C.D. Cal. 1996)).

The Court has broad discretion under Rule 41 to award fees and costs when a plaintiff dismisses and refiles certain claims in a separate action against the same defendant. *See Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1256 n.2, 1260 (11th Cir. 2001); *see also Groom v. Bank of Am.*, No. 8:08-cv-2567-T-27EAJ, 2010 WL 627564, at *1 (M.D. Fla. Feb. 23, 2010) ("Rule 41(d) expressly contemplates the prejudicial impact on a defendant when a plaintiff dismisses and re-files against that defendant."). A party moving for costs under Rule 41(d) must show that: (1) the plaintiff dismissed a previous action; (2) the plaintiff then commenced a second action that is based upon or includes the same claim against the same defendants; and (3) the defendant incurred costs in the prior action that will not be useful in the newly filed litigation. *NF Imp. & Exp., Inc. v. VIA Mat Int'l AG*, No. 11-23371-CIV, 2012 WL 13013236, at *2 (S.D. Fla. Sept. 25, 2012); *Groom*, 2010 WL 627564, at *5. A showing of bad faith is not required to recover costs under the rule. *Groom*, 2010 WL 627564, at *5. Rather, in determining whether an award of costs is appropriate, courts look to whether a plaintiff's conduct satisfies the requirements of Rule 41(d) and whether the circumstances of the case warrant an award of costs to prevent prejudice to the defendant. *Id.*

A review of each record in Plaintiff's three cases clearly demonstrates that Defendant is entitled to an award of attorneys' fees and taxable costs previously incurred pursuant to Rule 41.

5

In particular, the parties engaged in extensive litigation in *Monterey I*, including attending a mediation conference,[4] which resulted in Defendant incurring significant litigation expenses. Those expenses were amplified in part due to Plaintiff's refusal to provide adequate discovery responses and documentation of the damage sustained to the Property and its reluctance to permit Defendant to conduct an inspection of the Property until ordered to do so by the Court.[5] By voluntarily dismissing *Monterey I* after more than a year and a half of litigation, only to later refile a new case based on the same circumstances against the same defendant, Plaintiff has caused Defendant to suffer prejudice that justifies an award of attorneys' fees and costs previously incurred under Rule 41(d).

Moreover, contrary to Plaintiff's argument, Judge Louis's Order of Dismissal did not expressly limit the conditions of dismissal to instances where Plaintiff specifically refiled its breach of contract claims. Rather, Judge Louis's Order of Dismissal clearly and concisely explains her rulings—namely, that the conditions of dismissal require Plaintiff to (1) reimburse Defendant for all reasonable attorneys' fees and taxable costs incurred during the proceedings in *Monterey I* upon refiling this case and (2) preserve all documents and discovery requested and produced in *Monterey I* so that Defendant may use any such discovery during Plaintiff's refiled action. In addition, in reviewing the claims asserted in each case, the Court notes that the discovery from *Monterey I* will necessarily overlap with the discovery required in the instant action. Yet, when taken to its logical conclusion, Plaintiff's interpretation of Judge Louis's Order of Dismissal would yield the illogical result requiring that Plaintiff only preserve the discovery from *Monterey I* if it

---

[4] *See Monterey I*, ECF No. [31] (Final Mediation Report).

[5] *See, e.g.*, *Monterey I*, ECF No. [22] (ordering Plaintiff to permit Defendant to conduct a property inspection); ECF No. [42] (order granting Defendant's motion to compel and requiring Plaintiff to provide more complete discovery responses); ECF No. [62] (order to show cause regarding Plaintiff's repeated failure to comply with the Court's discovery orders).

refiled its breach of contract action, but not any other action.

In this case, although Plaintiff has now asserted a claim for declaratory relief rather than a claim for breach of contract, the Court finds that issues in *Monterey I* and *Monterey III* are based upon the same nucleus of operative facts. *See Russell-Brown v. Jerry, II*, 270 F.R.D. 654, 660 (N.D. Fla. 2010) ("Rule 41(d) applies to any refiled case 'based on or including' the same claims previously voluntarily dismissed. Thus, the mere addition of a defendant or a new claim or two does not prevent the application of Rule 41(d) so long as there are claims in the new case that arise from the same nucleus of operative facts such that the new case can be said to be 'based on or including' previously brought and dismissed claims."). Here, *Monterey I* and *Monterey III* both concern the same Policy, the same Property, and the same sustained loss to the Property from Hurricane Irma resulting in the same $34,000,000.00 in alleged damages.[6] That this action seeks clarification of Plaintiff's rights and Defendant's obligations under the Policy, instead of seeking to resolve the question of whether Defendant breached the Policy, does not absolve Plaintiff of its obligation to pay Defendant's fees and costs as ordered in *Monterey I*. *See Wishneski v. Old Republic Ins. Co.*, No. 5:06-cv-148-Oc-10GRJ, 2006 WL 4764424, at *2 (M.D. Fla. Oct. 10, 2006) (concluding that the subsequently refiled declaratory judgment action adding an additional breach of contract claim was the same claim for the purposes of Rule 41(d) because "the case involve[d] the identical subject matter as that involved in the previously dismissed action").

Based on the discussion above, the Court concludes that Defendant is entitled to an award of reasonable attorneys' fees and taxable costs incurred during *Monterey I*. Accordingly, Defendant's Motion is granted in this regard. However, in substantiating the amount of attorneys'

---

[6] *See Monterey I*, ECF No. [63] at 1 (Plaintiff's Notice of a Similar Case indicating that, "[p]ursuant to the same Policy and Property, on August 22, 2020, Plaintiff filed a filed a Petition for Declaratory Relief in the United States District Court for the Southern District of Florida, which bears case number: 1:20-cv-23506-KMW.").

fees and taxable costs requested, Defendant must also establish that the expenses it seeks to recover will not be useful in this litigation. *See Hard Rock Cafe Int'l USA, Inc. v. RockStar Hotels, Inc.*, No. 17-cv-62013, 2018 WL 7144143, at *1 (S.D. Fla. July 16, 2018) (Generally, "the award of litigation-related expenses may be limited to those incurred in 'discovering information and researching and pressing legal arguments that will not be useful in the later suit.'" (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 860 (11th Cir. 1986))).[7] As this Court is presently without any basis to determine the amount of attorneys' fees and costs incurred during *Monterey I* that will not be useful in this litigation, it reserves ruling on the amount to be awarded. Furthermore, the Court does not believe that a stay of this action is warranted, and Defendant's Motion is therefore denied as it relates to a stay of these proceedings. *See USA Entm't Grp., Inc.*, 2019 WL 498743, at *3. Should Plaintiff fail to timely pay the amount of attorneys' fees and costs ultimately awarded by this Court, Defendant may refile its request for a stay of these proceedings until it receives full payment.

---

[7] *See also Universal Prop. & Cas. Ins., Co. v. Lifetime Brands, Inc.*, No. 2:15-cv-14333, 2016 WL 4133149, at *1 (S.D. Fla. June 6, 2016) ("The Court may also impose a condition of payment of attorney's fees, however, any award of attorney's fees must be limited to fees for services that will not be useful in a subsequent lawsuit."); *Ansely v. Spicer*, No. 2:18-cv-01010, 2020 WL 597563, at *2 (M.D. Ala. Feb. 6, 2020) (noting that "much, if not all, of the legal work performed in this case is likely 'recyclable' in any subsequent case and, therefore, not compensable." (citing *Cadle Co. v. Beury*, 242 F.R.D. 695, 700 (S.D. Ga. 2007))); *Wolf v. Pac. Nat. Bank, N.A.*, No. 09-21531-CIV, 2010 WL 1462298, at *4 (S.D. Fla. Mar. 18, 2010) ("It is well understood that an award of fees for purposes of Rule 41 should not award such fees when the work involved will prove necessary for the ultimate resolution of the second-filed action."), *report and recommendation adopted*, No. 09-21531-CIV, 2010 WL 1489995 (S.D. Fla. Apr. 13, 2010); *Siek v. Am. Airlines, Inc.*, No. 01-cv-4473, 2002 WL 2018833, at *2 (S.D. Fla. Aug. 14, 2002) (awarding attorneys' fees and costs to the defendant as a condition to voluntary dismissal), *report and recommendation adopted*, 2002 WL 34394336 (S.D. Fla. Sept. 6, 2002); *Trujillo v. Banco Cent. del Ecuador*, 229 F. Supp. 2d 1369, 1376 (S.D. Fla. 2002) (awarding attorneys' fees and costs after separating the amounts incurred in defense of the lawsuit versus amounts usable in other pending litigation); *Sobe News, Inc. v. Ocean Drive Fashions, Inc.*, 199 F.R.D. 377 (S.D. Fla. 2001) (granting voluntary dismissal "on condition that Defendants are reimbursed for their litigation-related expenses incurred in defending this suit, including reasonable attorney's fees"). Examples of services not useful in a later lawsuit include the cost of preparing motions that were only useful in the original action. *McCants*, 781 F.2d at 860. However, attorneys' fees related to discovery are not recoverable where such discovery materials may be used in subsequent litigation. *Id.*

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Attorneys' Fees and Costs and to Stay Action, **ECF No. [10]**, is **GRANTED in part and DENIED in part**. Defendant's request to stay this litigation is **DENIED WITHOUT PREJUDICE**. Moreover, as it is presently unable to determine whether the fees and costs incurred will be useful in this action, the Court reserves ruling as to the amount to be awarded. **Within thirty (30) days from the date of this Order**, Defendant must submit documentation establishing the reasonable attorneys' fees and taxable costs incurred during the proceedings in *Monterey I*, as set forth in Local Rule 7.3, and it must demonstrate that the fees and costs sought will not be useful in the instant litigation.

Defendant's pending Motion for Enlargement of Time to Respond to Plaintiff's Motion to Compel Appraisal and to Stay Action, **ECF No. [15]**, is **GRANTED in part and DENIED in part**. Defendant must respond to Plaintiff's Motion to Compel Appraisal and to Stay Action, ECF No. [13], **by no later than January 19, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 11, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record