UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-24587-BLOOM/Otazo-Reyes

MONTEREY AT MALIBU BAY
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.

EMPIRE INDEMNITY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER AWARDING ATTORNEYS' FEES AND COSTS

**THIS CAUSE** is before the Court upon Defendant Empire Indemnity Insurance Company's ("Defendant") Motion and Memorandum in Support of its Attorneys' Fees and Costs Award, ECF No. [26] ("Memorandum"). Plaintiff Monterey at Malibu Bay Condominium Association, Inc. ("Plaintiff") filed a Response in opposition to the Memorandum, ECF No. [35] ("Response"), to which Defendant filed a Reply, ECF No. [40] ("Reply"). The Court has reviewed the Memorandum and attached exhibits, all supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Court awards partial attorneys' fees and costs to Defendant consistent with this Order.

### I. BACKGROUND

#### A. *Monterey I*

On March 22, 2019, Plaintiff initiated its first action against Defendant in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *See Monterey at Malibu Bay Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 1:19-cv-23353-LFL (S.D. Fla. 2019), ECF No. [1-2] at 2-5 ("*Monterey I*"). On August 12, 2019, Defendant removed the case to federal court. *Monterey I*,

ECF No. [1]. Plaintiff's Amended Complaint asserted a single count against Defendant for breach of contract, alleging that Plaintiff entered into an insurance policy agreement ("Policy") with Defendant for coverage of Plaintiff's condominium ("Property"). *Monterey I*, ECF No. [1-2] at 2-5. Plaintiff alleged that, while insured under the Policy, the Property was damaged during Hurricane Irma and that the damage incurred was a covered loss under the Policy. Upon receiving an insurance claim from Plaintiff, Defendant made a partial payment. Plaintiff alleged that by making only a partial payment, Defendant breached the Policy by failing to fully indemnify Plaintiff for its total amount of damages. *Id.* at 3.

On August 27, 2020, Plaintiff filed a motion seeking voluntary dismissal of *Monterey I* without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), which Defendant opposed. *Monterey I*, ECF Nos. [64], [67]. On October 15, 2020, after reviewing the briefing and hearing argument on the motion, Magistrate Judge Louis granted Plaintiff's motion over Defendant's objection, and conditioned the dismissal without prejudice upon the following terms: (1) "Plaintiff is permitted to voluntarily dismiss its claim against Defendant without prejudice. However, if Plaintiff re-files this action at a later date, Plaintiff shall pay all taxable costs and attorneys' fees that Defendant incurred in defending this action," and (2) "Plaintiff must also preserve all documents and other discovery requested in this suit," so that Defendant can utilize such discovery if Plaintiff re-files the case. *Monterey I*, ECF No. [87] at 7 ("Order of Dismissal").

### B. *Monterey II*

On August 22, 2020, while *Monterey I* was still pending, Plaintiff filed a Petition for Declaratory Relief against Defendant, which was premised upon the same Policy, the same Property, the same loss resulting from Hurricane Irma, and the same ultimate amount of claimed damages. *Monterey at Malibu Bay Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 1:20-cv-23506-KMW (S.D. Fla. 2020), ECF No. [1] ("*Monterey II*"). On October 29, 2020, however, the

2

court in *Monterey II sua sponte* dismissed the case without prejudice after the parties failed to timely file their joint conference report as ordered. *Monterey II*, ECF No. [19].[1]

    **C.** ***Monterey III***

Turning to the instant action, on November 6, 2020, Plaintiff re-filed its Petition for Declaratory Relief against Defendant, which asserted the same claims as those raised in *Monterey II*, seeking clarification of its rights under the Policy. ECF No. [1] ("*Monterey III*"). Of note here, *Monterey III* again concerns the same parties, the same Policy, the same Property and corresponding loss suffered after Hurricane Irma, and the same alleged amount of damages.

On December 14, 2020, Defendant filed a motion seeking an award of attorneys' fees and taxable costs incurred in defending *Monterey I*, pursuant to the conditions set forth in Judge Louis's Order of Dismissal. Defendant also requested that the case be stayed until Plaintiff paid the full amount of litigation expenses sought. ECF No. [10]. On January 11, 2021, the Court granted in part Defendant's motion. ECF No. [16]. As the Court was unable to determine whether the fees and costs incurred would be useful in this action, the Court reserved ruling as to the amount to be awarded and required Defendant to submit documentation establishing the reasonable attorneys' fees and taxable costs incurred during the proceedings in *Monterey I* and to demonstrate that the fees and costs sought would not be useful in the instant litigation. *See id.* at 9.

On February 20, 2021, Defendant filed the instant Memorandum seeking an award of $265,568.50 in attorneys' and paralegal fees and $7,623.50 in taxable costs incurred in *Monterey I* for work that Defendant contends is not reusable in this action. ECF No. [26] at 1. Plaintiff thereafter filed its Response, ECF No. [35], and Defendant filed a Reply. ECF No. [40]. On March 31, 2021, this Court ordered the Parties to mediate the issue, ECF No. [43], but the matter was not resolved. ECF

---

[1] The Court in *Monterey II* also subsequently denied Plaintiff's motion for reconsideration, which sought to reopen the case based on its excusable neglect in failing to comply with the Court's orders. *See Monterey II*, ECF No. [21].

No. [47]. Defendant seeks an award of attorneys' fees and costs for six categories of work. ECF No. [26]. Plaintiff contends that much of the six categories of work are reusable in this case. ECF No. [35]. Plaintiff requests that the Court (1) uphold Plaintiff's objections to Defendant's requests for attorneys' fees and costs; (2) stay the adjudication of the request for 60 days to depose Defendant's corporate representative; (3) order Defendant to produce all retainers and billing records for attorneys from *Monterey I*; and (4) hold a hearing on the matter. *See id.* at 4-5.

## II. LEGAL STANDARD

The determination of an award of attorneys' fees under Fed. R. Civ. P. 41(d) hinges on: "(1) whether Defendant incurred costs for work performed in the original litigation that could not be reused in the federal court case, and (2) whether the surrounding facts justify an award of attorneys' fees to prevent prejudice to the Defendant." *NF Imp. & Exp., Inc. v. VIA Mat Int'l AG*, No. 11-23371-CIV, 2012 WL 13013236, at *1 (S.D. Fla. Sept. 25, 2012).

Furthermore, Local Rule 7.3(b) states that "[t]he respondent shall describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount and shall provide supporting legal authority." S.D. Local Rule 7.3(b); *see also Club Madonna Inc., v. City of Miami Beach*, No. 13-23762-CIV-LENARD/GOODMAN, 2015 WL 5559894, at *9 (S.D. Fla. Sept. 22, 2015) (citing *Sriskada v. Harbor Pita, Inc.*, No. 14–20526–CIV, 2014 WL 3908206, at *1 (S.D. Fla. Aug. 11, 2014)). "[A] party opposing a fee application has an obligation to provide specific and reasonably precise objections concerning attorney hours that should be excluded from the final fee award." *Rosa-Nales v. Carnival Corp.*, No. 12-22172-Civ-COOKE/TORRES 2015, WL 10015262, at *8 (S.D. Fla. Jun. 11, 2015) (citing *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999)). Courts have determined that a failure to comply with the requirements of Local Rule 7.3 is grounds for

granting the requested fees. *Club Madonna Inc.*, 2015 WL 5559894, at *9 (quoting *Sriskada*, 2014 WL 3908206, at *1).

### III. DISCUSSION

As a preliminary matter, on February 24, 2021, the Court denied Plaintiff's request to depose Defendant's corporate representative and to compel all of Defendant's retainers and unredacted billing records. ECF No. [34]. The Court determined that Plaintiff's requests were expansive, unjustified, and without legal support. *See id.* Plaintiff's renewed request for similar relief without providing justification is further denied. Furthermore, given the Eleventh Circuit's determination in *Norman v. Housing Authority of City of Montgomery* that an evidentiary hearing is not always necessary in awarding appropriate attorneys' fees, and considering the Parties' briefings, the Court denies Plaintiff's request for a hearing on the matter. *See* 836 F.2d 1292, 1303 (11th Cir. 1988) (finding that the district court has wide discretion in exercising its judgment on the appropriate fee based on its own experience and that an evidentiary hearing is not necessary). As such, the Court turns to Plaintiff's argument with respect to each category of attorneys' fees and costs.

**(1) Work Regarding Plaintiff's Refusal to Comply with Discovery**

First, Defendant seeks a fee award for the work it performed in response to Plaintiff's refusal to provide adequate discovery responses and Plaintiff's refusal to permit Defendant to inspect the insured premises, which culminated in Defendant's Motion for Sanctions and Motion to Withdraw Motion for Sanctions. ECF No. [26] at 3. Defendant acknowledges that discovery-related work is generally reusable, *see Sandshaker Lounge & Package Store, LLC v. RKR Beverage, Inc.*, No. 3:17-cv-00686-MCR-CJK, 2018 WL 6829046, at *3 (N.D. Fla. Nov. 11, 2018), but Defendant contends that it seeks a fee award for work performed in light of Plaintiff's refusal to meet its discovery obligations, which is not reusable. ECF No. [26] at 3-4.

5

The Court is not persuaded. Much of Defendant's work regarding Plaintiff's refusal to comply with discovery was, in effect, a review of Plaintiff's supplemental discovery responses to determine the sufficiency of Plaintiff's responses. *See, e.g.*, ECF Nos. [26-1] at 85, 92, [26-2] at 224. Defendant's review of supplemental discovery for such purposes is reusable as general discovery-related work since the supplemental discovery involved the same parties, the same insurance policy, and the same underlying incident giving rise to the claim for relief in this case. Although Defendant attempts to draw a distinction between reviewing Plaintiff's supplemental discovery in general and reviewing Plaintiff's supplemental discovery to determine whether the supplemental discovery was sufficient, *see* ECF No. [40] at 5, the Court determines that the distinction is immaterial as the same attorneys performed the same task of reviewing Plaintiff's supplemental discovery. Furthermore, other communication and preparation to obtain supplemental discovery are part and parcel of general discovery-related work and therefore reusable. The Court considers the deposition of Plaintiff's corporate representative on the topic of record collection and preservation, *see* ECF No. [26] at 3, to be general discovery-related work as well. Since Defendant further conceded that it would not seek an award for its work in reviewing Plaintiff's supplemental discovery, *see* ECF No. [26] at 2, n.1, Defendant is not entitled to attorneys' fees on this matter.

It should be noted that both Parties address whether Defendant extinguished its right to seek fees for Plaintiff's refusal to comply with discovery because Defendant withdrew its Motion for Sanctions. *See* ECF Nos. [35] at 9-10, [40] at 4. The Court determines the discussion to be inapposite to the pertinent issue of whether the work is reusable. The Court's analysis hinges on whether the previous work is reusable or not reusable. *See NF Imp. & Exp., Inc.*, 2012 WL 13013236, at *1. Given that the work is reusable as discussed above, Defendant is not entitled to a fee award on this matter. As a result, the Court sees no need to address whether Defendant is not

entitled to a fee award also because it extinguished its right to seek an award when it withdrew its Motion for Sanctions.

Defendant did not categorize which time entries pertain to work regarding Plaintiff's refusal to comply with discovery. *See generally*, ECF Nos. [26-1], [26-2]. Given Defendant's failure to delineate in sufficient detail time entries corresponding this category of work, the Court reviews the record in *Monterey I* to determine the appropriate reduction in the requested fee award. On July 2, 2020, Defendant filed its Motion for Sanctions. *Monterey I*, ECF No. [54]. On October 5, 2020, Defendant filed its Motion to Withdraw Motion for Sanctions. *Monterey I*, ECF No. [81]. The Court considers the likelihood that the time entries between July 1, 2020 and October 5, 2020 pertain to the work Defendant performed on Plaintiff's refusal to comply with discovery. *See* ECF No. [26-1] at 58-106; ECF No. [26-2] at 186-253. Based on an estimate of the time entries within this time period, the Court determines that Defendant is not entitled to $106,227.40 or 40 percent of the total fee award requested.

**(2) Work Regarding Motion for Partial Judgment on the Pleadings**

Second, Defendant seeks a fee award for the work it performed on its Motion for Partial Judgment on the Pleadings. ECF No. [26] at 4. In *Monterey I*, Defendant filed a Motion for Partial Judgment on the Pleadings to Limit Monterey's Damages to the Policy Limits, *Monterey I*, ECF No. [46] ("Motion for Partial Judgment"). In the Motion for Partial Judgment, Defendant argued that Defendant's policy limits applied to reduce Plaintiff's damages claim. *See id*. Although the court granted the Motion for Partial Judgment, *Monterey I*, ECF No. [61], Defendant concedes that upon the voluntary dismissal of *Monterey I*, Defendant lost the benefit of the ruling and that the Court could award costs greater than the policy limit. *See* ECF No. [26] at [4-5]; *see also Smith v. Mercer*, 266 F. App'x. 906, 908 (11th Cir. 2008) (finding that a dismissal without prejudice generally is not a final judgment on the merits and lacks preclusive effect). Furthermore, because

7

Plaintiff now seeks declaratory relief asking this Court to declare that Defendant has an immediate obligation to issue payment, which is not a relief for monetary damages, Defendant argues that its work on the Motion for Partial Judgment regarding policy limits is not reusable. *See id.*

Plaintiff argues that the work on the Motion for Partial Judgment regarding policy limits on monetary damages is reusable because Plaintiff stipulated that the policy limits apply to the relief Plaintiff seeks in this case. ECF No. [35] at 11. However, a review of the record indicates Plaintiff has not stipulated that the policy limit applies to the Petition filed in this case. Plaintiff cites "Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Entry of Order Voluntarily Dismissing Action Without Prejudice, or Alternatively, Motion to Abate Action," *Monterey I*, ECF No. [71] at 5, to argue that Plaintiff stipulated that policy limits apply. ECF No. [35] at 11. However, the alleged stipulation was in Plaintiff's Reply brief in support of the voluntary dismissal in *Monterey I*, not in this case. *Monterey I*, ECF No. [71] at 5. As such, Defendant's work on policy limits, which was the basis for its Motion for Partial Judgment in *Monterey I* where Plaintiff sought monetary relief, is not reusable in this case where Plaintiff seeks only declaratory relief.

Plaintiff also argues that Defendant's issuance of its final coverage position has mooted all issues except the three defenses regarding Plaintiff's failure to comply with post-loss conditions. ECF No. [35] at 11-12. Following Plaintiff's logic, Defendant's issuance of its final coverage position has mooted all issues except defenses regarding post-loss conditions. As such, if the Court finds that post-loss conditions are not grounds for Plaintiff to have forfeited coverage, then the only remaining issue is whether the post-loss conditions were the cause of damages. That would be an issue for the appraisal panel rather than the Court. *See id.* An appraisal award would then be subject to confirmation by this Court and be subject to policy limits, rendering Defendant's work on policy limits reusable. *See id.*

However, the Court is not persuaded for several reasons. First, the Court has not determined that Defendant's final coverage position has mooted all other affirmative defenses. *See* ECF No. [40-2] at 42. On the contrary, the Court determined that there are additional coverage disputes other than post-loss conditions. *See* ECF No. [40-2] at 42. As such, even if the Court determined that post-loss conditions are not grounds for Plaintiff to have forfeited coverage, the only remaining issue would not be whether the post-loss conditions were the cause of damages. Therefore, the matter would not be referred to an appraisal panel. Furthermore, the Court has already denied Plaintiff's Motion to Compel Appraisal and Stay Action. ECF No. [24]. There is no appraisal pending and no appraisal award that would ordinarily be subject to the Court's confirmation and to policy limits. As such, Defendant's work on policy limits is not reusable in the instant case and it is entitled to attorneys' fees for Defendant's work regarding its Motion for Partial Judgment.

**(3) Work in Selecting Mediators and Participating in Mediation**

Third, Defendant seeks a fee award for work performed in selecting mediators and participating in mediation. ECF No. [26] at 5. Defendant argues that its work in selecting mediators and participating in mediation is not reusable in this case. *See id.* Defendant cites *Rodriguez & Gonzalez Inv. LLC v. Scottsdale Ins. Co.*, No. 19-25261-Civ-Williams/Torres, 2020 WL 4905437, at *3, (S.D. Fla. Mar. 3, 2020), to support its argument. ECF No. [26] at 5. In *Rodriguez*, the court determined that the defendant was entitled to mediation costs in a prior case after the plaintiff had missed the deadline to disclose experts in the prior case, voluntarily dismissed the prior case, and subsequently re-filed the same case. *See* 2020 WL 4905437, at *1, *3.

Plaintiff argues that *Rodriguez* is distinguishable from this case because the plaintiff in *Rodriguez* was at greater fault when it dismissed the prior action in order to avoid an adverse ruling, namely not being allowed to introduce expert testimony. ECF No. [35] at 13. Plaintiff

9

contends that in this case Plaintiff dismissed *Monterey I*, not to avoid an adverse ruling, but because of Defendant's argument that Plaintiff's claim was not ripe. *See id.*

The Court is not persuaded. Fed. R. Civ. P. 41 does not require the Court to evaluate the Parties' relative fault in dismissing the prior action in determining whether Defendant is entitled to attorneys' fees. *See* Fed. R. Civ. P. 41. The Court has already determined that Defendant was prejudiced by Plaintiff, that Defendant was therefore entitled to attorneys' fees and costs, and that the only remaining issue is whether Defendant's work in the prior litigation is reusable. ECF No. [16]. Because Defendant must mediate the issue of declaratory relief in this case, Defendant cannot reuse its past work in mediating monetary damages. Moreover, similar to the plaintiff in *Rodriguez*, Plaintiff faced an adverse ruling on Defendant's Motion for Partial Judgment after failing to respond to the Motion as noted above, *see Monterey I*, ECF No. [61], and effectively sidestepped the adverse ruling by voluntarily dismissing the prior action. As such, the Court considers *Rodriguez* to be instructive on this matter.

Plaintiff also cites a case from the Northern District of Florida, *Sandshaker*, 2018 WL 6829046, at *4, to argue that legal work regarding an unsuccessful mediation is reusable and not recoverable under Fed. R. Civ. P. 41. ECF No. [35] at 13. However, *Sandshaker* is distinguishable from this case because the defendants in *Sandshaker* did not offer any legal authority that settlement-related expenses are recoverable under Fed. R. Civ. P. 41(d). *See* 2018 WL 6829046, at *4 ("Defendants, on the other hand, have not directed the Court to any contrary authority finding settlement-related expenses recoverable under Rule 41(d)."). In this case, Defendant has provided legal authority, namely *Rodriguez* from the Southern District of Florida, that is instructive on the matter. *See* ECF No. [26] at 5.

Finally, Plaintiff contends that because the Parties selected the same mediator, who is familiar with the Parties and the issues, Defendant's work in selecting the mediator is reusable.

ECF No. [35] at 14. However, the fact that the mediator knows the Parties and the issues saves the mediator work and allows the mediator to rely on his past work, but it has no bearing on whether Defendant can reuse its previous work in selecting a mediator and preparing for mediation in a case involving a different form of relief. Accordingly, Defendant is entitled to attorneys' fees for its work in selecting mediators and participating in mediation.

### (4) Work in Preparing Proposal for Settlement

Fourth, Defendant seeks a fee award for its work in preparing a statutory proposal for settlement. ECF No. [26] at 5. Plaintiff did not respond to the proposal and thereby rejected the proposal. *See id.* Defendant argues that the rejected proposal meant that if *Monterey I* had been adjudicated in Plaintiff's favor and Plaintiff earned an award of less than 75 percent of Defendant's proposal, then Plaintiff would have been liable for Defendant's attorneys' fees and costs. *See id.* Defendant concedes that it lost the right to enforce the potential fee claim when Plaintiff dismissed *Monterey I*. *See id.* at 6. Because Plaintiff seeks only declaratory relief in this case, Defendant cannot serve another statutory proposal for settlement. *See id.* As such, Defendant argues that its work on the proposal for settlement is not reusable. *See id.* at 5-6.

Plaintiff argues that Defendant's work in preparing the proposal for settlement is reusable because a proposal for settlement can limit Plaintiff's entitlement to attorneys' fees under Fla. Stat. § 627.428 if there is an appraisal award. ECF No. [35] at 14. Under Florida law, if an insured prevails and obtains a judgment against an insurer, the court must award a reasonable sum or fees for the insured's attorney in bringing the suit. *See* Fla. Stat. § 627.428. In determining whether the insured prevailed, Florida courts have ruled that the insured must obtain judgment in its favor in an amount greater than an offer of settlement previously tendered by the insurer. *See Danis Indus. Corp. v. Ground Imp. Techniques, Inc.*, 645 So. 2d 420, 421 (Fla. 1994). As such, Plaintiff argues that any appraisal award would be compared to Defendant's settlement offer, rendering the

11

previous work useful in this action.

However, the Court is not persuaded. As stated above, the Court denied Plaintiff's Motion to Compel Appraisal and Stay Action. ECF No. [24]. There is no appraisal pending for the previous proposal for settlement to be compared with to determine the prevailing party. Thus, Defendant's work in preparing the proposal for settlement has no bearing in the case and is not reusable. Accordingly, Defendant is entitled to attorneys' fees for the work regarding its proposal for settlement.

**(5) Work in Negotiating and Amending Case Management Schedule**

Fifth, Defendant seeks a fee award for the work it performed in negotiating and amending the prior action's case management schedule. ECF No. [26] at 6. Defendant argues that its work on the prior action's case management schedule is not reusable in the instant action because Defendant must start case management anew. *See id.*

Plaintiff responds that the form used for the first joint scheduling report is the same form Defendant used for the joint scheduling report in this case. ECF No. [35] at 15. Plaintiff also argues that negotiating and amending the case management schedule is an integral part of discovery, which is reusable. *See id.* Therefore, Plaintiff argues that Defendant is not entitled to attorneys' fees for Defendant's work on negotiating and amending the case management schedule. *See id.*

Work on negotiating and amending a case management schedule in a previous case cannot be used to negotiate and amend the schedule for a new case involving new dates. Furthermore, Plaintiff fails to provide any legal authority for its contention that negotiating and amending the case management schedule is an integral part of the discovery process. ECF No. [35] at 15. Plaintiff cites *Sandshaker,* 2018 WL 6829046, which sets forth the proposition that discovery-related legal work is reusable but does not establish that negotiating and amending the case management schedule is discovery-related work. ECF No. [35] at 15. Even if the Court considered

negotiating and amending the case management schedule to be a part of the discovery process, Plaintiff fails to demonstrate how negotiating and amending the case management schedule in a previous case offers any guidance or bearing in this case such that Defendant's work is reusable. Lastly, it is immaterial that a similar form was used for both scheduling reports because the material aspects of the form that required the most work, namely the dates, are no longer pertinent to this case. Accordingly, Defendant is entitled to attorneys' fees for the work on negotiating and amending the case management schedule.

**(6) Work Regarding Motion for Entry of Order Voluntarily Dismissing *Monterrey I***

Sixth, Defendant seeks a fee award for the work it performed in opposition to Plaintiff's Motion for Entry of Order Voluntarily Dismissing Action, *Monterey I*, ECF No. [64] ("Motion for Voluntary Dismissal"). ECF No. [26] at 6-7. Defendant argues that the work regarding its opposition to the Motion for Voluntary Dismissal was specific to the procedural history of *Monterey I. See id.* Therefore, Defendant contends that any arguments made against the voluntary dismissal are inapplicable in this case and therefore not reusable. *See id.*

Plaintiff responds that Defendant is not entitled to attorneys' fees on this matter because Defendant was unreasonable in opposing Plaintiff's Motion for Voluntary Dismissal. ECF No. [35] at 15-16. Plaintiff argues that Plaintiff proposed to stay, abate, or voluntarily dismiss without prejudice *Monterey I* because Defendant argued that Plaintiff's claim was not ripe. *See id.* at 15. Defendant opposed the proposals, forcing Plaintiff to voluntarily dismiss *Monterey I. See id.* at 16. Plaintiff argues that Defendant's subsequent action in opposing the voluntary dismissal, which Defendant had argued was necessary because the claim was not ripe, was unreasonable. *See id*.

The reasoning regarding Defendant's work on mediation applies equally here. The standard used to determine the award of attorneys' fees under Fed. R. Civ. P. 41 is not whether Defendant's

13

conduct was reasonable or unreasonable. *See* Fed. R. Civ. P. 41. The Court already determined that Defendant was prejudiced by Plaintiff and was therefore entitled to attorneys' fees and costs, ECF No. [16] at 6, and the only remaining issue is how much of Defendant's work in the prior litigation is reusable, *id.* at 8-9. As such, the material question on this matter is whether Defendant's work regarding the voluntary dismissal is reusable, not whether Defendant was at fault in allegedly forcing Plaintiff to dismiss the prior action. It is apparent that the previous work is not reusable as Plaintiff cannot bring another motion to voluntarily dismiss *Monterey I* nor can arguments raised opposing the Motion for Voluntary Dismissal be reused in this case. Accordingly, Defendant is entitled to attorneys' fees for Defendant's work regarding the voluntary dismissal of *Monterey I*.[2]

**(7) Plaintiff's Exhibits**

Next, the Court addresses Plaintiff's exhibits, ECF Nos. [35-2], [35-3], which label Defendant's time entries with at least one of seven generalized objections. Because Plaintiff objects to most, if not all, time entries with a label, Plaintiff is requesting the denial of *any* fees for Defendant's work from *Monterey I*. Such an outcome is not warranted based on the generalized objections in Plaintiff's exhibits.

As a preliminary matter, Local Rule 7.3(b) states that "[t]he respondent shall describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority." Courts have determined that the party opposing a fee application must "provide specific and reasonably precise objections concerning attorney hours that should be excluded from the final fee

---

[2] Plaintiff argues that some time entries do not fit within the six categories of work. ECF No. [35] at 6-7. However, Plaintiff does not identify which time entries do not fit within the six categories of work. As such, Plaintiff fails to satisfy the particularity requirement of Local Rule 7.3(b) regarding this objection.

award." *Rosa-Nales*, WL 10015262, at *8 (citing *ACLU*, 168 F.3d 423 at 428). Plaintiff's exhibits set forth seven labels. ECF Nos. [35-2], [35-3]. Such labels are not described with reasonable particularity as required by Local Rule 7.3(b), and the Court is left to surmise as to Plaintiff's objections in regard to each of the seven labels. The Court addresses each label in turn.

First, many of Defendant's time entries are labeled "duplicative." ECF Nos. [35-2], [35-3]. The legend states that "duplicative" refers to "time entries that reflect duplicative, non-compensable work being performed by Empire's attorneys." ECF No. [35-1] at 1. However, it is unclear from Plaintiff's labeling which time entries labeled "duplicative" overlap with others. *See generally* ECF Nos. [35-2], [35-3]. In a footnote, Plaintiff identifies only two time entries that are duplicative of each other. ECF No. [35] at 5-6, n.2. Those entries are the only time entries that Plaintiff identifies in further detail. The Eleventh Circuit has stated, however, that a client may have multiple attorneys performing the same task in the "customary practice of multiple-lawyer litigation" and that duplicative hours are grounds for a reduction of a fee award only if the attorneys are "unreasonably doing the same work." *ACLU*, 168 F.3d at 432 (quoting *Johnson v. University College of Univ. of Ala. in Birmingham,* 706 F.2d 1205, 1208 (11th Cir. 1983)). For the entries identified by Plaintiff, Defendant states that two attorneys were both reviewing relevant pleadings immediately after being retained. ECF No. [40] at 8. The Court does not consider such work to be unreasonable. Because Plaintiff does not elaborate on the other "duplicative" time entries, Plaintiff fails to meet the requisite particularity requirement of Local Rule 7.3(b).

Second, Plaintiff labels some time entries as "vague." ECF Nos. [35-2], [35-3]. Plaintiff's legend offers two different definitions for "vague." ECF No. [35-1] at 1. According to Plaintiff, "vague" can indicate that the time entry does not have an adequate description or that the time entry was in opposition to Plaintiff's request to abate, dismiss, or collaterally attack *Monterey I* and therefore not reasonably incurred. *See id.* The dual definition of the term "vague" – by its

15

multi-definitional nature – fails to meet the standard for particularity required by Local Rule 7.3(b). In addition, a review of the time entries labeled "vague" indicates that the entries have an adequate description. *See generally* ECF Nos. [35-2], [35-3]. For instance, Plaintiff argues that a time entry on March 27, 2020, stating that Defendant's counsel spent 1.2 hours to "[p]repare for and conference with K. Frost, AVP, Senior Coverage Counsel, S. Klaben, National General Adjuster, regarding introduction, status, next steps" is "vague." ECF No. [35-2] at 3. Plaintiff cites *Warner v. Warner*, 692 So. 2d 266 (Fla. 5th DCA 1997), to argue that such time entries are too "vague." ECF No. [35-1] at 1. However, in *Warner*, the court determined that an estimated claim of $38,000.00, without further elaboration, did not warrant a fee award. 692 So. 2d at 267-68. The Court considers *Warner* to be distinguishable from the instant case because Defendant's time entries, including the one noted above, provide much more detailed descriptions. Furthermore, Defendant is entitled to a fee award for the work it performed in opposition to Plaintiff's request to stay, dismiss, or collaterally attack *Monterey I* because the work is not reusable, similar to Defendant's entitlement to an award for its related work in opposition to Plaintiff's Motion for Voluntary Dismissal as discussed above.

Third, Plaintiff labels some time entries "block billing" to denote objections to time entries that allegedly involve block billing. ECF Nos. [35-2], [35-3]. Past courts have defined block billing as the practice of "lumping together multiple tasks into a single time entry without separating the tasks into individual blocks or elaborating on the amount of time each task took." *Puente v. Carmel at California Club Prop. Owners Ass'n*, No. 18-21376-CV, 2019 WL 3428521, at *4 (S.D. Fla. Apr. 17, 2019), *report and recommendation adopted sub nom. Puente v. Carmel at California Club Prop. Owners Ass'n, Inc.*, No. 18-CV-21376, 2019 WL 3429132 (S.D. Fla. July 1, 2019). However, a review of the time entries shows that Defendant did not engage in block billing to the extent that the Court cannot decipher among multiple discrete tasks. *See generally* ECF Nos. [35-2], [35-3]. For instance, Plaintiff argues that Defendant's time entry on April 2, 2020, in which

16

Case No. 20-cv-24587-BLOOM/Otazo-Reyes

Defendant's counsel sent "Emails with J. Chodos, co-counsel regarding discovery issues, next steps" for a total of 0.3 hours, or 18 minutes, is block billing. ECF No. [35-2] at 7. It is unclear how sending emails on a discrete issue could be considered block billing, and Plaintiff does not explain how the discrete 18-minute task could have been broken down further to avoid block billing.

In its Response, Plaintiff cites *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1378 (M.D. Fla. 2010), to support its contention that Defendant's time entries involve block billing, albeit without further identifying or discussing how any of the labeled time entries involve block billing. ECF No. [35] at 6. In *Kearney*, the court reduced the award of attorneys' fees due to block billing. However, *Kearney* is distinguishable from this case because the court in *Kearney* determined that the time entries were "simply so vague that the Court, even if it construes how much time was spent on the task, cannot determine the nature of the work done." 713 F. Supp. 2d at 1375. As indicated above, the Court is able to discern from the time entries how much time was spent on a task and the nature of the work done. *See generally* ECF Nos. [35-2], [35-3]. Plaintiff has failed to state with sufficient particularity why time entries labeled block billing should not be compensated.

Fourth, Plaintiff labels some time entries as "secretarial/clerical/ministerial" to denote time entries that are administrative. ECF Nos. [35-2], [35-3]. Plaintiff's legend states that the labels denote work that does not "require[e] any discretion or the exercise of Respondent's counsel's specialized knowledge or judgment." ECF No. [35-1] at 1-2. For instance, Plaintiff argues that "Review e-mail from S. Klaben discussing proposed litigation strategy" is "clerical/secretarial." ECF No. [35-3] at 4. However, it is unclear, without further explanation, how work regarding the proposed litigation strategy does not involve Defendant's counsel's specialized knowledge or judgment and is "clerical/secretarial." Because Plaintiff does not address how similarly labeled

17

time entries do not involve Defendant's counsel's specialized knowledge or expertise, Plaintiff has failed to meet the particularity requirement for the "secretarial/clerical/ministerial" labels as well.

Fifth, Plaintiff labels some time entries as "initial claim file review" or "initial file review." ECF Nos. [35-2], [35-3]. Plaintiff's legend states that the label refers to time entries involving work that Defendant has admitted it would not seek to recover because they pertain to reusable initial claim file review. ECF No. [35-2] at 1; *see also* ECF No. [26] at 2, n.1. For instance, a time entry on March 27, 2020, is labeled as "[i]nitial claim file review" when the description notes Defendant's counsel reviewed the amended complaint and policy, answer and affirmative defenses, order referring the case to the magistrate, mediation submissions, exposure analysis, motion to compel inspection, and emails regarding discovery status and responses. ECF No. [35-2] at 2. However, Defendant explains that the time entry pertained to a review of pleadings, motions, and orders in *Monterey I* that do not pertain to the initial claim and is therefore not reusable. ECF No. [40] at 8. Plaintiff fails to state with greater particularity as to why this time entry and other time entries with the same label should be considered initial claim file review, as opposed to a review of documents following the initial claim as the time entries represent.

Sixth and seventh, Plaintiff uses the labels "useful" and "waiver" to denote time entries that involve work that is reusable in the instant case and time entries regarding Defendant's Motion to Withdraw Motion for Sanctions, respectively. ECF No. [35-1] at 1. Because the Court has determined that one category of Defendant's work is reusable and that Defendant is not entitled to an award for its work regarding Plaintiff's failure to comply with discovery, which includes the Defendant's Motion to Withdraw Motion for Sanctions, the Court does not repeat itself here. The Court does note, however, that Plaintiff's two labels do not tabulate the time entries that are labeled "useful" and "waiver" for the Court to accurately determine the "useful" and "waiver" time entries

and limit Defendant's award accordingly.[3] *See generally* ECF Nos. [35-2], [35-3].

Aside from the last two labels discussed above, Plaintiff's failure to describe its objections with reasonable particularity in its exhibits violates Local Rule 7.3(b). This failure is dispositive. *See Club Madonna*, 2015 WL 5559894, at *9 (finding that compliance with Local Rule 7.3(b) is mandatory not optional). As such, Plaintiff's generalized objections in its exhibits are mostly unpersuasive.

**(8) Costs**

As a final matter, the Court addresses taxable costs. The Court also ordered Defendant to submit documentation of taxable costs that are not reusable. ECF No. [16] at 9. The Court first examines whether Defendant's costs are taxable. Plaintiff specifically objects to travel costs, mediation costs, transcription costs, and court reporter fees.[4] *See* ECF No. [35] at 16. By statute, there are six categories of taxable costs: (1) fees of the court clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) printing fees and witness fees; (4) copying fees; (5) certain docket fees; and (6) fees of court-appointed experts and interpreters. 28 U.S.C. § 1920. The Eleventh Circuit has determined that attorneys' travel costs are not taxable. *See Corwin v. Walt Disney Co.*, 468 F.3d 1329, 1346 (11th Cir. 2006). Furthermore, mediation costs are not taxable. *Incarcerated Ent., LLC v. Cox*, No. 18-21991-CIV, 2019 WL 8989846, at *1 (S.D. Fla. Nov. 4, 2019). As such, Defendant is not entitled to an award for attorneys' travel costs and mediation costs as they are nontaxable costs.

Second, the Court addresses whether the transcription costs and court reporter fees, which are taxable costs, are reusable. Defendant argues that the transcripts pertain to hearings on motions filed in *Monterey I* and the deposition of Plaintiff's corporate representative regarding record

---

[3] As stated above, the Court estimates that the pertinent "useful" and "waiver" time entries amount to 40 percent of the total fee award requested.
[4] Plaintiff does not object to fees of the court clerk. ECF No. [36] at 16.

19

Case No. 20-cv-24587-BLOOM/Otazo-Reyes

retention and preservation. *See* ECF No. [40] at 7-8; *see also* ECF Nos. [26-3] at 10-16. The Court considers such transcripts to be reusable as discovery-related costs. Accordingly, Defendant is not entitled to an award of attorneys' travel costs, mediation costs, transcription costs, or court reporter fees.[5]

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion and Supporting Memorandum, **ECF No. [26]**, is **APPROVED IN PART AND DENIED IN PART**.

2. Defendant is awarded **$159,341.10** in attorneys' and paralegal fees.

3. Defendant is awarded **$400.00** in taxable costs.

4. Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 2, 2021.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

---

[5] Of the $7,623.50 in total costs Defendant requested, $400 are attributed to fees of the clerk. ECF No. [26-3] at 2.