UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-24587-BLOOM/Otazo-Reyes

MONTEREY AT MALIBU BAY
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.

EMPIRE INDEMNITY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION *IN LIMINE*

**THIS CAUSE** is before the Court upon Defendant Empire Indemnity Insurance Company's ("Defendant") Motion *in Limine* to Exclude Evidence, References and Testimony Alleged Bad Faith Conduct, Personal Opinions Regarding Insurance and Other Claims/Cases, ECF No. [98] ("Motion"), filed on February 16, 2022. Plaintiff Monterey at Malibu Bay Condominium Association, Inc. ("Plaintiff") filed a Response, ECF No. [108] ("Response"), to which Defendant filed a Reply, ECF No. [117]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendant's Motion is granted in part and denied in part consistent with this Order.

### I. BACKGROUND

#### A. *Monterey I*

On March 22, 2019, Plaintiff initiated its first action against Defendant in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *See Monterey at Malibu Bay Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 1:19-cv-23353-LFL (S.D. Fla. 2019), ECF No. [1-2] at 2-5 ("*Monterey I*"). On August 12, 2019, Defendant removed the case to federal court. *Monterey I*,

ECF No. [1]. Plaintiff's Amended Complaint asserted a single count against Defendant for breach of contract, alleging that Plaintiff entered into an insurance policy agreement ("Policy") with Defendant for coverage of Plaintiff's condominium ("Property"). *Monterey I*, ECF No. [1-2] at 2-5. Plaintiff alleged that the Property was damaged during Hurricane Irma and that the damage incurred was a covered loss under the Policy. After receiving Plaintiff's coverage claim, Defendant made a partial payment, and Plaintiff alleged that Defendant breached the Policy by failing to fully indemnify Plaintiff for the total amount of its damages. *Id.* at 3. On August 27, 2020, Plaintiff filed a motion seeking voluntary dismissal of *Monterey I* without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), which Defendant opposed. *Monterey I*, ECF Nos. [64], [67]. On October 15, 2020, Magistrate Judge Louis granted Plaintiff's motion and dismissed the case over Defendant's objection. *Monterey I*, ECF No. [87] at 7.

### B. *Monterey II*

On August 22, 2020, while *Monterey I* was still pending, Plaintiff filed a Petition for Declaratory Relief against Defendant, which was premised upon the same Policy, the same Property, the same loss resulting from Hurricane Irma, and the same ultimate amount of claimed damages. *Monterey at Malibu Bay Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 1:20-cv-23506-KMW (S.D. Fla. 2020), ECF No. [1] ("*Monterey II*"). On October 29, 2020, however, the court in *Monterey II sua sponte* dismissed the case without prejudice after the Parties failed to timely file their joint conference report as ordered. *Monterey II*, ECF No. [19].

### C. *Monterey III*

Turning to the instant action, on November 6, 2020, Plaintiff re-filed its Petition for Declaratory Relief against Defendant, which asserted the same claims as those raised in *Monterey II*, seeking clarification of its rights under the Policy. ECF No. [1] ("*Monterey III*"). In the instant Motion, Defendant seeks to preclude Plaintiff from introducing the following at trial:

2

(1) alleged bad faith conduct by Defendant; (2) personal opinions about insurance companies and why people purchase insurance; and (3) other claims, verdicts, settlements, or actions taken by insurance companies regarding other hurricane damage claims. *See* ECF No. [98]. Plaintiff opposes the exclusion of the first category of evidence, but Plaintiff does not contest the second and third categories of evidence. *See* ECF No. [108].

**II.   LEGAL STANDARD**

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *See id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid.

401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001). The movant has the burden to demonstrate that the evidence is inadmissible. *Gonzalez*, 718 F. Supp. 2d at 1345.

### III. DISCUSSION

#### A. Alleged Bad Faith Conduct by Defendant

Defendant seeks to preclude references, testimony, and evidence regarding Defendant's alleged bad faith conduct. *See* ECF No. [98] at 2-4. Defendant argues that because this matter is a re-filed first-party lawsuit where Plaintiff seeks a declaration that its coverage claim is ripe for appraisal, Plaintiff's references, testimony, and evidence regarding bad faith are irrelevant and unduly prejudicial to Defendant. *See id.* at 3-4. More specifically, Defendant contends that some of the questions by Plaintiff's counsel during the deposition of Defendant's corporate representative and file handler were in the form of a bad faith cause of action. *See id.*

In its Response, Plaintiff concedes that "[Plaintiff] and its attorneys are fully aware that evidence for which the only purpose is to prove bad faith is [in]admissible and irrelevant." ECF

No. [108] at 5.[1] However, Plaintiff argues that Defendant is improperly requesting the exclusion of unspecified evidence in broad-brush form irrespective of its probative value on other issues, such as Defendant's handling of Plaintiff's coverage claim. *See id.* Plaintiff avers that it is entitled to present references, testimony, and evidence regarding Defendant's handling of Plaintiff's claim because it is relevant to Defendant's post-loss condition defense. *See id.* at 3-4. Plaintiff also argues that the deposition questions referenced by Defendant in its Motion were not questions regarding bad faith conduct but questions that "were phrased in terms of whether the witness was able to provide a 'good faith' answer to the question posed . . . ." *See id.* at 3.

Defendant clarifies in its Reply that "[Defendant] does not seek to exclude testimony regarding its claim investigation in this case to the extent this court determines it is relevant." ECF No. [117] at 2. Instead, Defendant only seeks to exclude references to Defendant's "bad faith" or "good faith." *See id.* Defendant argues that the phrases "bad faith" and "good faith" during the solicitation of testimony and the introduction of evidence at trial could confuse the jurors and unduly prejudice Defendant. *See id.* at 3.

To the extent that Defendant argues that references, testimony, and evidence of bad faith conduct should be precluded, the Court agrees. In Florida, a bad faith action against an insurance company is not ripe until after the coverage action has been resolved. *See Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000); *Cont. Cas. Co. v. City of Jacksonville*, No. 3:04-cv-1170-J-20MCR, 2006 WL 2048249, at *4 (M.D. Fla. July 20, 2006). The instant case is not a bad faith action but a coverage action. As such, evidence of bad faith conduct – that is otherwise not relevant to the issues in the instant case – is inadmissible. Further, given that the instant action is not a bad faith action, the Court agrees with Defendant that the undue prejudice and potential confusion

---

[1] It appears that Plaintiff made a scrivener's error when stating that evidence of bad faith is inadmissible and irrelevant. *See* ECF No. [108] at 5.

5

arising from references to "bad faith" and "good faith" outweigh the probative value of such references. Therefore, references to such phrases are precluded.

Plaintiff represents that Defendant seeks to exclude unspecified evidence regarding Defendant's handling of Plaintiff's coverage claim. However, the Court notes that Defendant has conceded that it does not seek to exclude testimony regarding Defendant's investigation of Plaintiff's coverage claim. *See* ECF No. [117] at 2. As the Parties appear to agree, such evidence is clearly relevant to this case. Defendant's Affirmative Defenses in this matter include Plaintiff's alleged failure to substantially comply with post-loss obligations and resulting prejudice. *See* ECF No. [108] at 3; ECF No. [73] at 24-26. Defendant repeatedly claimed that its investigation was prejudiced by Plaintiff's failure to comply with post-loss obligations and Plaintiff's refusal to allow Defendant to properly investigate Plaintiff's claim. *See* ECF Nos. [73] at 24-26, [94] at 2. As such, evidence regarding the manner in which Defendant was able to investigate Plaintiff's claim and Defendant's handling of Plaintiff's claim is relevant.

In addition, as Plaintiff correctly argues, any evidence that is relevant to both Plaintiff's breach of contract claim and a potential bad faith claim is admissible. *See Okun v. Provident Life & Accident Ins. Co.*, No. 8:11-CV-1162-T-23EAJ, 2012 WL 12904221, at *4 (M.D. Fla. Jan. 26, 2012) ("While discovery aimed solely towards Plaintiff's bad faith claim is premature, the fact that some of these documents may contain information also relevant to a potential bad faith claim does not foreclose their discovery if they are also relevant to the breach of contract claim."). As such, references, testimony, and evidence regarding Defendant's handling of Plaintiff's coverage claim that may also be relevant to a bad faith action are admissible. The Parties are, of course, permitted to seek clarification of the exact boundaries of evidence related to Defendant's handling of Plaintiff's claim with specific objections to specific testimony in the context of trial.

### B. Personal Opinions Regarding Insurance

Next, Defendant seeks to preclude references, testimony, and evidence of personal opinions regarding insurance companies and why people purchase insurance. *See* ECF No. [98] at 2-3. Defendant cites *Woolbright v. GEICO Gen. Ins. Co.*, No. 1:12-cv-21291-UU, 2013 WL 12092078, at *2 (S.D. Fla. Feb. 5, 2013), where the court granted a motion *in limine* precluding plaintiff "from eliciting testimony or making any reference related to personal opinions about insurance companies or opinions regarding why people purchase insurance." Plaintiff does not address Defendant's argument or case law in support. *See generally* ECF No. [108]. The Court agrees with Defendant and the Motion is granted as to this matter.

### C. Other Hurricane Damage Claims

Finally, Defendant seeks to preclude references, testimony, and evidence regarding other claims, verdicts**,** settlements, or actions taken by insurance companies regarding other hurricane damage claims. *See* ECF No. [98] at 2-3. Defendant argues that how insurers handle other claims and the results of those claims have no bearing on Defendant's determination of the instant claim. *See id.* (citing *Lumpuy*, 2013 WL 1775048, at *3 ("Defendant filed a motion in limine to exclude all evidence or statements regarding its claims handling practices and procedures, arguing that such is irrelevant and unfairly prejudicial. The Court agrees.")). Plaintiff does not address Defendant's argument on this matter. *See generally* ECF No. [108]. The Court agrees with Defendant and the Motion is granted as to this matter.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [98]**, is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff will not be permitted to offer references, testimony, and evidence regarding alleged bad faith conduct by Defendant. Plaintiff will not be permitted to use the phrases "bad faith" or "good faith." However, Plaintiff will be permitted to offer references, testimony, and evidence regarding Defendant's handling of Plaintiff's coverage claim.

3. Plaintiff will not be permitted to offer references, testimony, and evidence regarding personal opinions about insurance companies and why people purchase insurance.

4. Plaintiff will not be permitted to offer references, testimony, and evidence regarding other claims, verdicts, settlements, or actions taken by insurance companies, including Defendant, regarding other hurricane damage claims.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 12, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record